[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11840
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-61966-RSR


JAMES ALEXANDER CARTER,

                                                    Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF'S DEPARTMENT MEDICAL
DEPARTMENT,
DR. ROSEMARY JACKSON, MEDICAL DIRECTOR, ARMOR
CORRECTIONAL HEALTH SERVICES, INC.,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 10, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

James Alexander Carter, a Florida prisoner proceeding pro se, appeals from the district court's grant of summary judgment against him in his 42 U.S.C. § 1983 action against the Broward County Sheriff's Department Medical Department (Sheriff's Department) and Dr. Rosemary Jackson (Jackson), the medical director of Armor Correctional Health Services, Inc. (Armor), which provides medical services at the Broward County Jail.  Carter, who suffers from HIV, alleged that the Sheriff's Department and Jackson were deliberately indifferent to his medical needs because Jackson discontinued his high-calorie/high-protein diet.  Carter also contends that the district court should have appointed him counsel, and that it abused its discretion in denying his motion to amend his complaint.  After careful review, we affirm.

I.

We review de novo the grant of summary judgment.  Rioux v. City of Atlanta, 520 F.3d 1269, 1274 (11th Cir. 2008).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Id.  (citing Fed. R. Civ. P. 56(c)).  In making this assessment, we must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable

2

doubts about the facts in favor of the nonmovant.  Id.  The movant carries his burden by demonstrating that there is an absence of evidence to support the nonmoving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).

Only when that burden has been met does the burden shift to the nonmoving party to demonstrate that there are material issues of fact that preclude summary judgment.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The nonmovant is required to go beyond the pleadings and to present evidentiary materials that show a genuine issue in dispute.  Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553.  "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment."  Bald Mountain Park, Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir. 1989).

Section 1983 provides a remedy for the deprivation of federal civil rights by a person acting under color of state law.  See 42 U.S.C. § 1983.  Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs, giving rise to a cause of action under § 1983.  Estelle v. Gamble, 429 U.S. 97, 104–05, 97 S. Ct. 285, 291 (1976).  Claims of deliberate indifference to the serious medical needs of pretrial detainees are governed by the Fourteenth Amendment rather than by the Eighth Amendment.  Andujar v. Rodriguez, 486 F.3d 1199, 1203 n.3 (11th Cir. 2007).  However,

3

pretrial detainees are afforded the same protection as prisoners, and cases analyzing deliberate indifference claims of pretrial detainees and prisoners can be used interchangeably.  See id.  To prevail on a claim of deliberate indifference, a plaintiff must show:  (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury.  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306–07 (11th Cir. 2009).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation marks omitted).  Establishing deliberate indifference to that serious medical need requires the plaintiff to demonstrate:  (1) subjective knowledge that serious harm is possible; (2) disregard of that risk; and (3) conduct that is more than mere negligence.  Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).  Conduct that is more than mere negligence may include: (1) knowledge of a serious medical need and a failure or refusal to provide care; (2) delaying treatment; (3) grossly inadequate care; (4) a decision to take an easier but less efficacious course of treatment; or (5) medical care that is so cursory as to amount to no treatment at all.  McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).  A simple difference in medical opinion between the medical staff and an

4

inmate as to the latter's diagnosis or course of treatment does not establish deliberate indifference.  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). "A § 1983 plaintiff may demonstrate causation either by establishing that the named defendant was personally involved in the acts that resulted in the constitutional deprivation, or by showing that the defendant instituted a custom or policy that resulted in deliberate indifference to constitutional rights." Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (alteration omitted) (citations omitted) (internal quotation marks omitted).

Here, the district court did not err in granting summary judgment in favor of Jackson as to Carter's deliberate indifference claim.  Carter's primary argument is that a high-calorie/high-protein diet was medically necessary for his HIV, and that Jackson was deliberately indifferent by discontinuing it.  The evidence indicates that Jackson used her medical judgment to conclude that it was better for Carter's overall health to discontinue the diet given Carter's weight gain and elevated lipid, glucose, and triglyceride levels.  The Senior Physician/Clinical Coordinator of HIV and Infectious Disease Services in the Cook County Jail System reviewed Carter's medical records and stated that Jackson did not deny adequate medical care to Carter and did not deviate in the standard of care in treating him.  Rather, she used her medical judgment to determine that it was not necessary for Carter to be on the high-calorie/high-protein diet.  While Carter may disagree with Jackson regarding

5

his continued need for the diet, he has not presented any evidence to support his allegation that Jackson was deliberately indifferent by discontinuing it.  This amounts at most to a difference of opinion, which does not give rise to a constitutional violation.  See Harris, 941 F.2d at 1505.

Furthermore, Carter has not presented any evidence showing a causal connection between the discontinuation of the diet and any of his alleged injuries.  See Mann, 588 F.3d at 1306–07.  He asserts that he suffers from wasting syndrome as a result of the discontinuation, but this assertion is directly contradicted by the evidence showing that Carter gained approximately 25 pounds during his incarceration at Broward County Jail.  Likewise, Carter's bare assertion that he now suffers from diabetes is not supported by the record.  See Bald Mountain Park, Ltd., 863 F.2d at 1563.  To the extent that Carter seeks to rely on exhibits attached to his appellate brief, this Court may not consider that evidence because it was not part of the record before the district court.  See Dominick v. Dixie Nat'l Life Ins. Co., 809 F.2d 1559, 1573 (11th Cir. 1987).

Finally, Carter's argument related to the district court's alleged failure to appoint counsel is unavailing because the docket does not reflect that he moved for appointment of counsel before Jackson filed her motion for summary judgment.  In any event, Carter had no constitutional right to counsel as a plaintiff in a civil case.  See Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).  A district court should

only appoint counsel to an indigent plaintiff in exceptional circumstances, and Carter has not alleged exceptional circumstances that would have required appointment of counsel.  See id.

The evidence shows that Jackson was not deliberately indifferent to a serious medical need, and even resolving all disputed facts in favor of Carter, Jackson was entitled to summary judgment.  See Rioux, 520 F.3d at 1274.

II.

We review the denial of a motion for leave to amend a complaint for an abuse of discretion.  Covenant Christian Ministries, Inc. v. City of Marietta, 654 F.3d 1231, 1239 (11th Cir. 2011).  "[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions."  Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1315 (11th Cir. 2002).  Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, and are thus liberally construed.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

"At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)."  Miccosukee Tribe of Indians of Fla. v. United States, 716 F.3d 535, 559 (11th Cir. 2013) (quotation marks omitted).  Rule 15(a)(1) provides that a party

7

may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a required responsive pleading. Fed. R. Civ. P. 15(a)(1). After this time has passed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) goes on to state that "[t]he court should freely give leave when justice so requires." Id. A plaintiff who wishes to amend his complaint after the deadline reflected in a scheduling order must show "good cause." Southern Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009). Leave to amend should be freely given absent a reason such as undue delay or prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

Even if leave might be procedurally appropriate, a district court need not allow an amendment where it would be futile. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Id.

The district court did not abuse its discretion here in denying Carter's motion for leave to amend. Carter did not file his motion to amend his complaint until almost eight months after the deadline for filing amended pleadings, and seven months after Jackson had moved for summary judgment. The district court noted that Carter did not show diligence in his efforts to pursue amendment and

8

therefore failed to establish "good cause" for granting leave to amend.  See

Southern Grouts & Mortars, Inc., 575 F.3d at 1241.  In addition, granting Carter

leave to amend long after Jackson had moved for summary judgment would have

prejudiced Jackson because it would have further delayed the district court's ability

to rule on summary judgment.  See Foman, 371 U.S. at 182, 83 S. Ct. at 230.

In any event, leave to amend would have been futile.  Carter wished to add

the Sheriff's Department as a defendant, but the Department had already been

dismissed from the case.  Carter also wanted to add Armor under a theory that

Jackson was employed by it and so it too was liable.  However, as the district court

noted, § 1983 claims cannot be based solely on theories of respondeat superior.

See Goodman v. Kimbrough, 718 F.3d 1325, 1335 (11th Cir. 2013).  Thus, any

amendment would have been futile because the complaint would still be subject to

dismissal.  See Cockrell, 510 F.3d at 1310.  Additionally, although Carter states in

his initial brief on appeal that he wished to amend his complaint to include

allegations about his diabetes and the adverse effects of a drug he was

administered, he did not raise these allegations in his motion to amend.  Therefore,

the district court did not abuse its discretion in denying Carter leave to amend.

**AFFIRMED.**